## Rowland, Jr., v. Smith, Secretary of the Commonwealth

*Andrew W. Green,* for plaintiff.

*Robert E. Woodside,* Attorney General; *Samuel M. Jackson,* and *Harrington Adams,* Deputy Attorneys General, for Secretary of the Commonwealth.

RICHARDS, P. J., March 5, 1952.—This is an action in mandamus brought by plaintiff to compel defendant to certify to the proper election officials throughout the Commonwealth the name of General Douglas MacArthur as a candidate on the Republican ticket for nomination to the office of President of the United States at the ensuing primary election. The complaint and answer raise pure questions of law for decision, no question of fact being in dispute.

Briefly stated, a nomination petition for Douglas A. MacArthur, General of the Armies, United States Army, as a candidate for the nomination of the Republican Party for the office of President of the United States was filed in the office of defendant within the time limited by law. This petition has not been attacked in any fashion. Also within the time provided by law, General MacArthur in a letter to defendant, requested that his name be withdrawn "from the Pennsylvania Primary". This request was sworn to before a notary public. Defendant accepted the withdrawal of General MacArthur. Notwithstanding this action by the general and by defendant, plaintiff, who was one of the signers of the nomination petition of General MacArthur, brought this action in an effort to keep the name of the general on the ballot.

Plaintiff in effect says that General MacArthur is not a candidate and therefore cannot withdraw. This is based upon the proposition that the voters cannot nominate a person for President, but they may indicate their preference for a person whom they should like to see nominated. It is further contended that since the voters cannot nominate a presidential candidate, General MacArthur is not a candidate, and since he is not a candidate, he cannot withdraw.

We do not believe this to be a tenable position, in view of the provisions of the Election Code of June 3, 1937, P. L. 1333, 25 PS §2600 et seq. We are of the

opinion that this is a case of statutory construction rather than one of involved and ingenious argument. We select the following sections of the code to illustrate our point:

Section 902 provides inter alia:

". . . In the years when *candidates* for the office of President of the United States are to be nominated, every registered and enrolled member of a political party shall have the opportunity at the Spring primary in such years to *vote his preference* for one person to be the *candidate* of his political party for President."

Section 907 states, in part:

"The names of *candidates* for *nomination* as *President* of the United States . . . shall be printed upon the official primary ballots or ballot labels. . . ."

Section 910, in the last sentence, states:

"In the case of a *candidate* for *nomination* as *President* of the United States, it shall not be necessary for such candidate to file the affidavit required in this section . . ." Preceding this sentence the affidavit is discussed. Among the requirements thereof is: "(c) the name of the office for which he *consents* to be a candidate."

Section 912. Number of Signers Required; Nomination Petitions of *Candidates* at Primaries Shall Be Signed:

"(a) If for the office of President of the United States, . . . by at least one hundred registered and enrolled members of the proper party in each of at least ten counties of the State."

Section 914. Withdrawal of Candidates:

"Any of the candidates for nomination or election at any primary may withdraw his name as a candidate by a request in writing, signed by him and acknowledged before an officer empowered to administer oaths,

and filed in the office in which his nomination petition was filed. Such withdrawals, to be effective, must be received in the office of the Secretary of the Commonwealth not later than 5 o'clock P.M. on the seventh day next succeeding the last day for filing nomination petitions in said office. . . . No name so withdrawn shall be printed on the ballot or ballot labels. . . ."

The word "candidate" is used throughout the act in a broad, generic sense. It includes all whose names may appear upon the ballot for any purpose. And since it has this broad meaning with reference to getting on the ballot, it has the same broad meaning with reference to withdrawal. It cannot have one meaning at one place and a different meaning at another place. Hence, since all candidates may withdraw, a presidential candidate may withdraw.

While the voter has the right to vote his preference for a presidential candidate, we cannot see how this includes the right to compel a person to be a candidate against his will, and to compel the inclusion of his name on the ballot notwithstanding his personal wishes. The voter can vote for any candidate whose name is on the ballot, or he can vote for any person whose name is not on the ballot by means of the write-in provisions of the law. Hence, in the instant case, the voter is not deprived of any right to vote for General MacArthur by reason of the latter's withdrawal as a candidate.

Most candidates are required to execute the so-called candidate's affidavit. The form of this affidavit is set forth in section 910. As to most candidates, they must "consent" to run for the office; see (c) of this section. However presidential candidates are not required to subscribe to this affidavit. It has been suggested that the reason for this is that the consent of a Presidential candidate is not required. We cannot subscribe to this

theory, for the reason that an examination of the various elements of the affidavit shows that some, at least, are not applicable to presidential candidates. Specifically we might point out that a presidential candidate need not indicate his election district, need not have a residence in Pennsylvania, and need not indicate any State or local office for which he consents to be a candidate. This affidavit does clearly suggest, however, that the candidate must "consent" to run.

Furthermore, we do not believe that under American principles a person can be compelled to be a candidate against his will. One cannot ordinarily be coerced by law to do anything which he has no legal obligation to do. You cannot force a person to accept a gift. You cannot compel a person to be an executor or a trustee. And in our opinion, you cannot compel a person to be a candidate. It is the choice of the individual to be a candidate or not to be a candidate. Plaintiff has no property right in General MacArthur.

We further believe that plaintiff is not entitled to prevail in the present action unless his right to the relief prayed for is clear. Certainly, the act nowhere has any provision which compels any candidate, presidential or otherwise, to be a candidate, against his will, nor any provision which compels the inclusion of a candidate's name on the ballot without his consent, nor any provision which clearly prohibits a presidential candidate from withdrawing. If any right such as plaintiff asserts exists it is dependent upon technical interpretation and tenuous argument. In other words, the right to the relief is not clear and all the provisions of the Election Code are contra the contentions of plaintiff.

We do not deem it necessary to discuss some of the arguments adduced by counsel for both parties. Likewise we think it unnecessary to comment on the case

of McCamant v. Olcott, 80 Ore. 246, 156 Pac. 1034, where the Supreme Court of Oregon, in 1916, reached a conclusion contrary to the one we have here expressed. We base our conclusion strictly on the construction of the Pennsylvania Election Code, and upon what we conceive to be the fundamental rights of an American to be a free agent in deciding whether or not he consents to be a candidate.

Plaintiff admits that if General MacArthur could legally withdraw, his withdrawal was in accordance with law and was effective. Hence, we enter the following

### Final Decree

And now, to wit, March 5, 1952, the action is dismissed at the cost of plaintiff.